UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10409-RWZ

JOSHUA B.P. MARTIN

v.

TD BANK, N.A. and INFINITY MORTGAGE CO.

MEMORANDUM OF DECISION

March 21, 2011

ZOBEL, D.J.

Plaintiff Joshua B. P. Martin ("Martin") brings this action against Defendants T.D. Bank, N.A., ("T.D. Bank" or "the Bank") and Infinity Mortgage Co.[1] ("Infinity Mortgage" or "Infinity"), alleging that the loan documentation for the mortgage he granted Infinity violated several consumer protection statutes, including the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., Unfair Debt Collection Practices in violation of 15 U.S.C. §§ 1692(a) et seq., along with state statutes Mass. Gen. Laws ch. 93A, and 140D, § 1. TD Bank has counterclaimed for the amount owing on the mortgage, along with interest and attorney's fees.

Now pending are the parties' cross-motions for summary judgment. For the reasons discussed below, defendant's motion is allowed and plaintiff's motion is denied.

---

[1] Since Infinity Mortgage failed to answer the complaint, Plaintiff's motion for default judgment (Docket # 15) was allowed subject to an assessment of damages after resolution of the pending motions for summary judgment.

I. **Background**

   A. **Mortgage**

In November 2000, Martin applied to Infinity Mortgage for a mortgage, which was approved. Martin thereafter purchased property at 29 Laurel Road, Sharon, Massachusetts, where he and his family have resided since. On January 16, 2001, at the closing, he took title to the property, and executed and delivered to Infinity a promissory note in an amount of $204,250.00. Several years later, in 2005, Infinity assigned the note and mortgage to TD Bank.

   B. **First Bankruptcy Case**

Martin fell behind on payments, and in 2007, was several months in arrears. The last payment Martin made to the Bank was on February 6, 2007. The Bank sought foreclosure. On May 30, 2007, Martin filed a Chapter 13 bankruptcy petition with the U.S. Bankruptcy Court for the District of Massachusetts, which resulted in an automatic stay of the foreclosure action.

The Bank filed a motion for relief from the automatic stay, which was denied. Thereafter, the parties entered into a comprehensive stipulation, whereby they agreed that Martin would pay the Bank for both his pre- and post-petition delinquent monthly arrearage amounts (then totaling $52,465.88) over time and in accordance with a Chapter 13 plan to be filed thereafter. (See Docket # 17-1, Exhibit G at ¶ 6; October 27, 2008 Bankruptcy Court "Stipulation Concerning Motion of TD Bank, N.A. for Relief From Stay and Related Matters" (the "Stipulation").) The Stipulation also required Martin to make all future monthly payments payable under the mortgage to the Bank

2

when due. If Martin failed to make such payments, the Bank could exercise its rights against the property, including foreclosure.

In the Stipulation, Martin further agreed that he had "no claims of any nature against the Bank, or to whatever extent they exist, they are hereby fully and forever released, relinquished and extinguished." (Id. at ¶ 7a). The Stipulation was approved by the Bankruptcy Court on November 13, 2008. The bankruptcy petition was dismissed on March 30, 2009.

In violation of the Stipulation, Martin immediately defaulted on the payments, and the Bank re-initiated its foreclosure sale of the property scheduled for October 8, 2009.

### C. Second Bankruptcy Case

Two days before the scheduled foreclosure sale, on October 6, 2009, Martin filed a second chapter 13 bankruptcy petition, which again halted the sale. The Bank filed a motion for in rem relief from the stay, which was allowed on January 7, 2010. In allowing the motion, the court noted that any claim Martin may have had against the Bank was waived when he entered into the Stipulation. On February 9, 2010, Martin moved to dismiss the second bankruptcy petition. In his motion, he stated: "I have come to agreements with my creditors and at this time, I will not be able to give the right and complete information to the chapter 13 trustee, to make the plan work[.]" Docket # 1-5 Defendant's Objection to Application for Preliminary Injunction, Ex. H ("Emergency Mot. to Dismiss Chapter 13 [] Case").

### D. Massachusetts State Court Litigation

On February 19, 2010, Martin filed suit in Suffolk Superior Court in which he

3

sought a preliminary injunction to enjoin the Bank's scheduled foreclosure sale of the property. After a hearing, the court denied his request. The Appeals Court affirmed the denial of a preliminary injunction on the day of foreclosure, and the property was sold on February 23, 2010. A foreclosure deed was recorded on March 26, 2010.

Martin has not vacated the property. The Bank has filed an action for eviction in a state court action.

### E. Pending Motions

The Bank has moved for summary judgment on its counterclaim for the deficiency after foreclosure due on the note, together with interest and attorneys' fees in the total amount of $136,750.18. (Docket # 16.) Martin has cross-moved for summary judgment on his claims. (Docket # 26).

Two related motions require resolution. Plaintiff asks leave to file a sur-reply (Docket # 32) which is allowed. The Bank seeks entry of judgment under Fed. R. Civ. P. 54(b) (Docket # 20), as the claim against it is totally unrelated to the claim against the other defendant Infinity Mortgage Co. The motion is allowed for the additional reason that Infinity has been defaulted and there is no reason to defer judgment for the Bank pending an assessment of damages against Infinity.

## II. Legal Analysis

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The Stipulation agreed to by Martin relinquished all claims against the Bank. It is a binding contract entered into and agreed upon by both parties. As such, it has force and effect here. See In re Harry Silverman, 13 B.R. 72, 73 (Bankr. D. Mass. 1981) ("[t]his court is of the opinion that the debtor entered voluntarily a stipulation that had all of the essential characteristics of a mutual contract. The debtor has received the benefits conferred by the bank, and now balks at performing himself. *** Therefore, the stipulation which was approved by [the bankruptcy] court is binding on the parties." Id. at 74 (internal citations omitted)).

Here, Martin contends that the Stipulation has no effect because it does not contain his signature, only that of his attorney, who, he now claims, entered into the Stipulation improvidently. However, he does not contend that he was unaware that his counsel had entered into the Stipulation, nor does he appear to dispute the amount owed. TD Bank is therefore entitled to summary judgment.

## III. Conclusion

TD Bank's Motion for Summary Judgment (Docket # 16) is ALLOWED. Martin's Motion for Summary Judgment is DENIED (Docket # 26). As the Bank's motion for separate judgment under Rule 54(b) is also ALLOWED (Docket # 20), judgment may be entered for the Bank. Martin's motion to file a sur-reply (Docket # 32) is ALLOWED.

March 21, 2011
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

5